M. Jonathan Hayes (Bar No. 90388)
Matthew D. Resnik (Bar No. 182562)
Roksana D. Moradi (Bar No. 266572)
**SIMON RESNIK HAYES LLP**
15233 Ventura Blvd., Suite 250
Sherman Oaks, CA 91403
**Telephone:** (818) 783-6251
**Facsimile**: (818) 827-4919
jhayes@SRHLawFirm.com
matthewSRHLawFirm.com
roksana@SRHLawFirm.com

*Attorneys for Debtor*
Christopher Smith

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CHRISTOPHER SMITH,<br><br>Debtor. | Case No. 2:14-bk-19737-WB<br><br>Chapter 13<br><br>**NOTICE OF MOTION AND DEBTOR'S MOTION TO CONVERT CASE FROM CHAPTER 13 TO CHAPTER 11; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER SMITH IN SUPPORT THEREOF**<br><br>Date: June 25, 2014<br>Time: 1:30 p.m.<br>Place: 255 E. Temple Street<br>  Courtroom 1375<br>  Los Angeles, CA 90012 |

TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; OTHER CREDITORS AND PARTIES IN INTEREST:

**PLEASE TAKE NOTICE** that on June 25, 2014 at 1:30 p.m. in Courtroom 1375 at the U.S. Bankruptcy Court located at 255 E. Temple Street, Los Angeles, CA 90012, the Debtor, CHRISTOPHER SMITH, by and through his attorneys, SIMON RESNIK HAYES

1  LLP, moves this Court pursuant to §1307(d) of the Bankruptcy Code for an Order
2  converting the above-captioned bankruptcy case to one under Chapter 11. Said Motion
3  will be made on the grounds that the Debtor desires to save his home and his rental
4  property from foreclosure. The Debtor owns his residence/rental property located at 10155
5  Toluca Lake Avenue, Toluca Lake, CA 91602. The Debtor also owns rental property
6  located at 4130 W Toluca Lake Avenue Burbank, CA 91505. The amounts owed to the
7  lienholders on his real properties place this Chapter 13 Debtor in a position where his debts
8  exceed the limits of §109(e).

9  PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule
10 9013-1, any party opposing the relief sought by the Motion must file a written opposition
11 setting forth the facts and law upon which the opposition is based and must appear at the
12 hearing on the Motion. Any factual allegations set forth in such written response must be
13 supported by competent and admissible evidence. Any response or opposition to the
14 Motion must be filed with the Court and served on the Debtor's counsel at least fourteen
15 days prior to the scheduled hearing date on the Motion (not excluding Saturdays, Sundays
16 or legal holidays). Such responses, if any, must be served on the Debtor's counsel at the
17 address noted in upper left-hand corner of the first page of this notice.

18 Pursuant to Local Bankruptcy Rule 9013-1, any response not timely filed and
19 served may be deemed by the Court to be consent to the granting of the relief requested by
20 the Motion.

21 **Wherefore**, the Debtor requests that the Court convert this case to Chapter 11
22 effective upon entry of the Order.

23 Dated: May 30, 2014                           **SIMON RESNIK HAYES LLP**

24                                              **By:**   /s/ M. Jonathan Hayes
25                                                        **M. Jonathan Hayes**
                                                          **Matthew D. Resnik**
26                                                        **Roksana D. Moradi**
                                                          *Attorneys for Debtor*
27                                                        CHRISTOPHER SMITH

28

**SIMON RESNIK HAYES LLP**

2

**Motion to Convert Case from Chapter 13 to Chapter 11**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

COMES NOW THE DEBTOR, CHRISTOPHER SMITH (hereinafter "Debtor") and requests of the Court an Order Converting this case to Chapter 11. The application of the Debtor respectfully represents:

The Debtor filed "emergency schedules" to obtain relief under Chapter 13 of Title 11 in the Central District of California, Los Angeles Division, on May 19, 2014. Nancy Curry was appointed as the Chapter 13 Trustee. The §341(a) meeting is presently set for July 1, 2014 at 9:00 a.m. and the Chapter 13 Confirmation Hearing is set for July 30, 2014 at 10:00 a.m.

The Debtor owns the following real properties:

| | |
|---|---|
| **Property Address:** 4130 W Toluca Lake Avenue Burbank, CA 91505 *(4 units)* | **Fair Market Value:** $1,050,000<br>**1st Trust Deed:** IndyMac Bank/OneWest Bank $1,057,062<br>**2nd Trust Deed:** US Bank, $59,168 |
| **Property Address:** 10155 Toluca Lake Avenue, Toluka Lake, CA 91602 *(SFR)* | **Fair Market Value:** $1,572,000<br>**1st Trust Deed:** Chase, $1,620,758<br>**2nd Trust Deed:** Green Tree, $153,187 |

The Debtor also owns various household goods, furniture, clothing, a pension and 401K, all exempt. The Debtor owes approximately $50,000 in priority taxes.

Based on the current draft of his Schedules, it appears that Debtor owes approximately $80,000 in general unsecured debts. <u>However, Debtor has been embroiled in a contentious divorce action and seeks additional time to review and gather necessary information as to all of his assets, debts, and liabilities so as to file complete and accurate Schedules.</u> As such, Debtor files his EX PARTE MOTION FOR FURTHER TIME TO COMPLETE AND FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS concurrently with the Motion herein, seeking an additional fourteen (14) days to prepare

and file the Schedules, or to June 16, 2014. The listing of all of the creditors and obtaining all of the required information of the Debtor is taking longer than expected due to the fact that he was not prepared to file a Bankruptcy case but had to file an "emergency petition" in order to stop a sale of one of his real properties.

This case was filed to stop a foreclosure sale on Debtor's 4130 Toluca Lake property. Debtor was informed that the sale had been continued but that information was incorrect and he filed this case minutes before the foreclosure sale. ***Based on the current information gathered by the Debtor, it appears that his debts exceed the limits of §109(e).*** As such, the Debtor requests of this Court an Order converting his case to Chapter 11. Debtor has sufficient regular and rental income to make payments to his creditors and is confident that he can confirm a Chapter 11 plan.

## II.  ARGUMENT

The Debtor is bringing the within Motion under the provisions of 11 U.S.C. §1307 and Local Bankruptcy Rules 1017-1 and 3015-1, which state:

**11 USC § 1307 CONVERSION OR DISMISSAL**

> (d) Except as provided in subsection (f) of this section, at any time before the confirmation of a plan under section 1325 of this title, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 or 12 of this title.

**LBR 1017-1.  CONVERSION**

> (a) Conversion Upon Debtor's Request.
>
> > (2) Conversion from Chapter 12 or 13 to Chapter 11.

          (B) Chapter 13 to Chapter 11. A debtor must request conversion under 11 U.S.C. § 1307(d) in accordance with the procedure set forth in LBR 3015-1(q)(2)(C).

**LBR 3015-1.  PROCEDURES REGARDING CHAPTER 13 CASES**

(q) <u>Dismissal or Conversion of Case</u>.

    (2) <u>Debtor Seeks Conversion</u>.

        (C) <u>Debtor Seeks Conversion of Chapter 13 to Chapter 11</u>. A motion by the debtor to convert a chapter 13 case to a case under chapter 11 must be filed, served and set for hearing in accordance with LBR 9013-1. Notice must be provided to the chapter 13 trustee, all creditors, and any other party in interest entitled to notice under FRBP 2002.

    (5) Any distributions of estate funds made by the chapter 13 trustee in the ordinary course of business for the benefit of the debtor's estate prior to receipt of notice of dismissal or conversion will not be surcharged to the chapter 13 trustee.

This case has not been previously converted and this Motion gives an opportunity to creditors and parties in interest to object to the request.  This Motion is being served on every creditor.

Good cause exists for the conversion since the Debtor will be able to propose a plan to his creditors which should allow his to keep his home as well as his rental property. The Debtor's income derived from his rental property and his regular income are sufficient to propose a plan to permit him to save both properties, pay all priority tax claims in full, and pay his unsecured creditors as much as he can afford.

*///*

*///*

**SIMON RESNIK HAYES LLP**

5

**Motion to Convert Case from Chapter 13 to Chapter 11**

### III. CONCLUSION

WHEREFORE, the Debtor prays that this case be converted to Chapter 11 forthwith, and for such other and further relief as is just and proper under the circumstances.

Dated: May 30, 2014

**SIMON RESNIK HAYES LLP**

By: **/s/ M. Jonathan Hayes**
**M. Jonathan Hayes**
**Matthew D. Resnik**
**Roksana D. Moradi**
*Attorneys for Debtor*
Christopher Smith

## **DECLARATION OF CHRISTOPHER SMITH**

I, CHRISTOPHER SMITH, declare as follows:

1. I am the Debtor in this case. I am over the age of eighteen (18). The statements made herein are of my own personal knowledge and if called upon to testify, I could and would competently testify thereto.

2. I filed "emergency schedules" on May 19, 2014 to begin my Chapter 13 case. The remainder of my Schedules are due on June 2, 2014.

3. My §341(a) meeting is set for July 1, 2014 at 9:00 a.m. and my Chapter 13 Confirmation Hearing is set for July 30, 2014 at 10:00 a.m.

4. I own the following real properties:

| **Property Address:** 4130 W Toluca Lake Avenue Burbank, CA 91505 *(4 units)* | **Fair Market Value:** $1,050,000<br>**1st Trust Deed:** IndyMac Bank/OneWest Bank $1,057,062<br>**2nd Trust Deed:** US Bank, $59,168 |
|---|---|
| **Property Address:** 10155 Toluca Lake Avenue, Toluca Lake, CA 91602 *(SFR)* | **Fair Market Value:** $1,572,000<br>**1st Trust Deed:** Chase, $1,620,758<br>**2nd Trust Deed:** Green Tree, $153,187 |

5. I also own various household goods, furniture, clothing, a pension and 401K, all exempt.

6. I owe approximately $50,000 in priority taxes.

7. Based on the current draft of my Schedules, it appears that I owe approximately $80,000 in general unsecured debts. However, I have been embroiled in a contentious divorce action and seek additional time to review and gather necessary information as to all of my assets, debts, and liabilities so that I can file complete and accurate Schedules.

8. This case was filed to stop a foreclosure sale on my 4130 Toluca Lake property. I was informed that the sale had been continued but that information was

incorrect and I filed this case minutes before the foreclosure sale. Based on the current information I have gathered, it appears that I do not "qualify" for Chapter 13.

9. I want to convert my case to Chapter 11 because I intend on filing a Chapter 11 Plan wherein I will seek to:

    a. Continue to pay the regular monthly mortgage payment on my home and cure arrears over five (5) years;

    b. Value my rental property at its current value, and then treat the secured claims based on that value; and

    c. Pay my priority tax claims in full within five (5) years of the petition date.

10. In addition, I will pay my unsecured creditors as much as I can afford. My income derived from my regular monthly income and rental income is sufficient to propose a plan to permit me to save my properties. I am confident that I can confirm a Chapter 11 plan.

11. I understand that I do not qualify for Chapter 13 and that Chapter 7 will not assist me in reorganizing my debts.

Executed on May 30, 2014, at Toluca Lake, California.

/s/ Christopher Smith

**CHRISTOPHER SMITH**

8

**Motion to Convert Case from Chapter 13 to Chapter 11**

**SIMON RESNIK HAYES LLP**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **15233 Ventura Blvd., Suite 250, Sherman Oaks, CA 91403.**

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND DEBTOR'S MOTION TO CONVERT CASE FROM CHAPTER 13 TO CHAPTER 11; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER SMITH IN SUPPORT THEREOF** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **5/30/2014** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

- **Nancy K Curry (TR)    ecfnc@trustee13.com**
- **Matthew D Resnik    matt@srhlawfirm.com, mattecf@gmail.com;renee@srhlawfirm.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

**II. SERVED BY U.S. MAIL:** On **5/30/2014** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

Hon. Julia W. Brand
US Bankruptcy Court
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

Christopher R. Smith
10155 Toluca Lake Avenue
Toluca Lake, CA  91602

***ALL CREDITORS:***

American Express
PO Box 3001
16 General Warren Blvd
Malvern, PA 19355

Americredit/GM Financial
Attention: Bankruptcy
PO Box 183583
Arlington, TX 76096

Capital 1 Bank
Attn: Bankruptcy Dept.
PO Box 30285
Salt Lake City, UT 84130

CBA Collection Bureau
PO Box 5013
Hayward, CA 94540

9

**SIMON RESNIK HAYES LLP**

| | |
|---|---|
| Chase<br>PO Box 24696<br>Columbus, OH 43224 | P F F Bank & Trust<br>c/o FDIC as Receiver<br>1601 Bryan Street<br>Dallas, TX 75201 |
| Franchise Tax Board<br>Attn: Bankruptcy Unit<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | PFF Bank & Trust<br>P.O. Box 2729<br>Rancho Cucamonga, CA 91729-2729 |
| IndyMac Bank/OneWest Bank<br>Attn:Bankruptcy Department<br>2900 Esperanza Crossing<br>Austin, TX 78758 | Pinnacle Credit Service<br>Attn: Bankruptcy<br>PO Box 640<br>Hopkins, MN 55343 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | US Bank<br>Attention: Bankruptcy Dept.<br>PO Box 5229<br>Cincinnati, OH 45201 |
| Lewitt, Hackman, Shapiro, Marshall<br>& Harlan<br>16633 Ventura Blvd, 11th Floor<br>Encino, CA 91436 | |
| Marcus, Watanabe & Dave, LLP<br>1901 Avenue of the Stars, Ste 300<br>Los Angeles, CA 90067 | |
| Meridian Foreclosure Services<br>4 Hutton Centre, Suite 900<br>TS #: 23545CA]<br>Santa Ana, CA 92707 | |

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **5/30/2014** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **5/30/2014** | **Staci McFadden** | **/s/ Staci McFadden** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

10

**SIMON RESNIK HAYES LLP**