PROBER & RAPHAEL, A LAW CORPORATION
DEAN R. PROBER, ESQUIRE, #106207
LEE S. RAPHAEL, ESQUIRE, #180030
CASSANDRA J. RICHEY, ESQUIRE #155721
MELISSA VERMILLION, ESQUIRE #241354
JOSEPH GARIBYAN, ESQUIRE #271833
BONNI S. MANTOVANI, ESQUIRE #106353
ANNA LANDA, ESQUIRE #276607
HALIE L. LEONARD, ESQUIRE #265111
20750 Ventura Boulevard, Suite 100
Woodland Hills, CA  91364
P.O. Box 4365
Woodland Hills, CA  91365-4365
(818) 227-0100
(818) 227-0637 (facsimile)
cmartin@pralc.com
Attorneys for OneWest Bank N.A. fka
OneWest Bank, FSB
O.027-091

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Bk. No. 2:14-bk-19737-WB |
| Christopher Smith, | CHAPTER 11 |
| Debtor. | **OPPOSITION TO MOTION FOR ORDER DETERMINING VALUE OF COLLATERAL** |
| | Hearing:<br>Date: 12/11/14<br>Time: 11:00 a.m.<br>Place: U.S. Bankruptcy Court<br>255 E. Temple Street<br>Los Angeles, CA<br>Courtroom: 1375<br>Floor: 13th |

OneWest Bank N.A. fka OneWest Bank, FSB ("Secured Creditor") its assignees

and/or successors in interest, secured creditor in the above-entitled Bankruptcy proceeding (hereinafter "Secured Creditor"), holds a senior lien on the primary residence of Christopher Smith (the "Debtor"). The subject property is located at 4130 - 4132 1/2 Toluca Lake Avenue, Burbank, California (the "Property"). This Opposition is filed in response to the Motion to Value the Property filed by Debtor (hereinafter "MTV").

## I.    STATEMENT OF FACTS

1.    Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 19, 2014 (the "Petition Date").

2.    Secured Creditor is the current holder of the senior Note and Deed of Trust on the Property.

3.    The Debtor identifies the Property as his residence in Schedule A.

4.    Secured Creditor filed a Proof of Claim in this case on September 8, 2014 as claim 9 in the amount of $1,005,388.22.

5.    The MTV was filed on November 5, 2014. Pages 3-5 of the filed copy of the Motion on Pacer was virtually blank which renders the Motion materially deficient.

6.    The Declaration in Support of the MTV alleges that the Property is valued at $950,000.00 and that Secured Creditor's lien should be crammed down to that amount.

7.    Secured Creditor contends that the Debtor may not modify the lien on his primary residence without Secured Creditor's consent.

8.    Despite its position on the legal issue, Secured Creditor obtained an appraisal that valued the Property at $1,050,000.00.

9.    Secured Creditor has not had an opportunity to authenticate the appraisal by declaration and requests more time to do so or else obtain a new appraisal in the event this Court believes that a modification of the lien is permissible over the Secured Creditor's objection.

## II. DEBTOR CANNOT MODIFY THE RIGHTS OF SECURED CREDITOR WHICH IS SECURED ONLY BY THE DEBTOR'S PRINCIPAL RESIDENCE

Debtor's MTV attempts to modify the terms of the Secured Creditor's claim. However, the Secured Claim is secured by the Property which is Debtor's current principal residence:  11 U.S.C. §§1123(b)(5) does not permit modification of a claim secured only by a security interest in real property that is the *debtor's principal residence*:

> Subject to subsection (a) of this section, a plan may—
>
> > (5) modify the rights of holders of secured claims, <u>other than a claim secured only by a security interest in real property that is the debtor's principal residence</u>, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

11 U.S.C. §§1123(b)(5) (emphasis added).

In <u>Nobelman v. American Savings Bank</u>, the U.S. Supreme Court explained the extent of a mortgagor's interests that are protected by <u>11 U.S.C. 1322(b)(2)</u>, which applies to principal residences and is almost identical to <u>11 U.S.C. §§1123(b)(5)</u>.

The Supreme Court explained that state law, and the contractual rights that follow, apply not only to ownership interests but also apply to security interests with "equal force." <u>Nobelman v. American Savings Bank</u>, 508 U.S. 324, 331 (1993).  These rights are protected from modification by §1322(b)(2). Nonetheless, Debtor attempts to modify the secured lien amount in opposition to <u>11 U.S.C. §§1123(b)(5)</u> and <u>In re Nobelman</u>.  However, Debtor may not modify the rights of Secured Creditor, as Secured Creditor's claim is "<u>secured only by a security interest in real property that is the Debtor' principal residence.</u>"

Recently, in <u>Wages v. J.P. Morgan Chase Bank, N.A., (In re Wages)</u>, BAP No. ID-12-1397- JuKiKu, WL 1133924 (B.A.P. 9th Cir. Mar. 7, 2014), the BAP determined that Section 1123(b)(5) of the United States Bankruptcy Code  prohibited that Debtor from modifying or

valuing its lien on its residence despite the fact that the residence had multiple purposes other than being the primary residence, including a commercial purpose. The BAP concluded that "the prohibition against modification of the rights of the holders of secured claims in §1123(b)(5) has three distinct requirements: first, the security interest must be in real property; second, the real property must be the only security for the debt; and third, the real property must be the debtor's principal residence." *Id.* At 7. Accordingly, "the anti-modification exception applies to any loan secured only by real property that the debtor uses as a principal residence property, even if that real property also serves additional purposes." *Id.* at 13.

In the instant case, all three of the above requirements are present.  Further, the MTV gives absolutely no basis, support or explanation for why the lien on the principal residence may be crammed down in this case.  However, even if the Debtor were alleging in the MTV that the mixed use of the Property provides an exception to the anti-modification rules, he has not shown any basis for his position.  Further, the law in this circuit prohibits Debtor from modifying his lien with Secured Creditor.

## III.   <u>CONCLUSION</u>

Secured Creditor respectfully requests for Debtor's Motion to Value be denied. Based on the foregoing facts and applicable law, Secured Creditor respectfully requests:

1.   That the MTV be denied;

2.   In the event the MTV is not denied, that Secured Creditor be given additional time to obtain an authenticated appraisal;

3.   For such other relief as this Court deems appropriate.

DATED: November 26, 2014                PROBER & RAPHAEL, A LAW CORPORATION

By /s/ Bonni S. Mantovani
   Bonni S. Mantovani, Esquire, #106353
Attorneys for Secured Creditor

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Prober & Raphael, A Law Corporation, 20750 Ventura Boulevard, Suite 100, Woodland Hills, CA 91364

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION FOR ORDER DETERMINING VALUE OF COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/25/14, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On 11/26/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/26/2014 | Asalia Catalan | /s/ Asalia Catalan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1

**2:        SERVED BY U.S. MAIL**

2

Honorable Julia W. Brand
U.S. Bankruptcy Court

3

Roybal Federal Building
255 E. Temple Street, Suite 1382

4

Los Angeles, CA 90012-3332
JUDGE'S COPY

5

6

Christopher Smith
4130 W Toluca Lake Ave
Burbank, CA 91505

7

Debtor

8

M. Jonathan Hayes, Esquire
Simon Resnik Hayes LLP

9

15233 Ventura Blvd. Ste 250
Sherman Oaks, CA 91403

10

Attorney for Debtor

11

Melanie Scott Green, Esquire
Office of the United States Trustee

12

915 Wilshire Blvd.
Suite 1850

13

Los Angeles, CA 90017
Attorney for Trustee

14

U.S. Bancorp                          (served by certified mail)

15

U.S. Bank Home Mortgage
The Office of the Corporate Secretary

16

BC-MN-H21O
800 Nicollet Mall

17

Minneapolis, MN 55402-4302
Attn: Richard K. Davis, CEO

18

Jr. Lienholder

19

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRIONIC ECF FILING (NEF)

20

ATTORNEY FOR US TRUSTEE: Melanie Scott Green Melanie.green@usdoj.gov
ATTORNEY FOR DEBTOR: M Jonathan Hayes jhayes@srhlawfirm.com,roksana@srhlawfirm.com;

21

carolyn@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;sevan@srhlawfirm.com
jfisher@srhlawfirm.com;maria@srhlawfirm.com;staci@srhlawfirm.com;jhayesecf@gmail.com;

22

ATTORNEY FOR INTERESTED PARTY: Gina J Kim gjkim@piteduncan.com,GJK@ecf.inforupcty.com
ecfcacb@piteduncan.com

23

ATTORNEY FOR INTERESTED PARTY: John H Kim jkim@cookseylaw.com
ATTORNEY FOR DEBTOR: Matthew D. Resnik matt@srhlawfirm.com,mattecf@gmail.com;

24

renee@srhlawfirm.com
ATTORNEY FOR MOVANT: Cassandra J Richey cmartin@pralc.com

25

OFFICE OF THE U.S. TRUSTEE'S OFFICE: United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov

26

27

28